## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC S. BRITTAIN, KAELA MEI-CHEE CHAMBERS, JULIAN CALLAGHAN, JOANNA CHRISTINA CORTEZ, ANTHONY SERTEL DEAN, ANTONIO RATTES DE FARIAS, CAITLIN FERRELL, KATHRYN MILLER, GRACE A. PHILIPS, BRADLEY M. PITTS, AVA RAVICH, ANA I. DOW SILVA, JACLYN E. TODD, DONOVAN TOLLEDO, and RICARDO J. VARONA, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK,<br><br>*Defendant*. | No. 1:20-cv-09194 (PKC) (RWL) |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/29/2022

## STIPULATION REGARDING CONFIDENTIAL INFORMATION AND <u>PROTECTIVE ORDER</u>

**WHEREAS**, certain documents and information have been and may be sought, produced or exhibited by and between the parties to this proceeding ("Proceeding"), which relate to sensitive or non-public information which a party may believe to be confidential, including but not limited to, private personal information concerning current or former students of Columbia University ("University");

**WHEREAS**, this Proceeding may involve the production of documents containing material regulated by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, and associated regulations, 34 CFR Part 99 (together "FERPA"), and/or other privacy laws and regulations;

**WHEREAS**, it has been agreed by and among the parties to the Proceeding, through their respective counsel, that a Stipulated Protective Order ("Protective Order") preserving the confidentiality of certain documents and information should be entered by the United States District Court for the Southern District of New York; and

**WHEREAS**, the Court has reviewed the terms and conditions of this Protective Order submitted by the parties;

**IT IS HEREBY ORDERED as follows**:

**Discovery Materials May Be Designated as Confidential or Attorneys' Eyes Only**

1.      This Protective Order shall govern all documents, the information contained therein, and all other information produced or disclosed during the Proceeding, whether revealed in a document, deposition, other testimony, discovery response, or otherwise ("Discovery Material"), by any party in this Proceeding (the "Supplying Party") to any other party (the "Receiving Party"), when the same is designated in accordance with the procedures set forth herein ("Designated Material").  This Protective Order is binding upon the parties to the Proceeding, including their respective subsidiaries and affiliates and their respective attorneys, agents, representatives, officers, employees, and others as set forth in this Protective Order.

2.      Subpoenaed third parties who so elect may avail themselves of this Protective Order if they agree to be bound by its terms and conditions by signing a Non-Disclosure Agreement, in the form annexed hereto, acknowledging that they have read this Protective Order and shall abide by its terms.

3.      For purposes of this Protective Order, "Confidential Information" means information and documents designated by a party as confidential.  "Confidential Information" may

include but is not limited to (a) any party's non-public policies and procedures, (b) any party's non-public financial information, and (c) any education records protected by FERPA.

4.      For purposes of this Protective Order, "Attorneys' Eyes Only Information" means information and documents designated by a party as for review by the Receiving Party's counsel and not by the Receiving Party.  "Attorneys' Eyes Only Information" may include but is not limited to non-public documents of a sensitive nature.

5.      Counsel for any party may designate any document or information, in whole or in part, as Confidential Information or Attorneys' Eyes Only Information if counsel determines, in good faith, that such designation is necessary to protect sensitive non-public information from disclosure.

6.      Where the portion of Discovery Material containing Confidential Information or Attorneys' Eyes Only Information is reasonably separable from the non-confidential portion, only the portion constituting Confidential Information or Attorneys' Eyes Only Information shall be so designated.  Any party that intends to use only non-confidential portions of a document containing Confidential Information or Attorneys' Eyes Only Information as part of a motion or at a deposition or trial, may request that the Supplying Party provide a redacted version of that document.

7.      A Supplying Party may designate Discovery Material or any portion thereof as Confidential Information or Attorneys' Eyes Only Information by stamping or otherwise clearly marking as "Confidential" or "Attorneys Eyes Only," respectively, the first page of the protected document and each subsequent page thereof containing Confidential Information or Attorneys' Eyes Only Information in a manner that will not interfere with legibility or audibility.  When documents and other data are produced in electronic form, the data storage medium should also be

marked as containing Confidential or Attorneys' Eyes Only Information.  Deposition testimony may be designated as Confidential Information or Attorneys' Eyes Only Information either on the record during the deposition or in writing within a reasonable time of receipt of the transcript.  If so designated, the cover of the final transcript of the designated testimony and any electronic file should be marked "Confidential" or "Attorneys' Eyes Only," and that transcript shall be bound in a separate volume, the cover of which bears the notation "Confidential Information Governed by Confidentiality Order" or "Attorneys' Eyes Only Information Governed by Confidentiality Order."

8.     Any Supplying Party may redesignate (or withdraw a designation regarding) any material that it has produced ("Redesignated Material") by (i) providing written notice to counsel of record for each party identifying the Discovery Material whose designation is to be changed and (ii) promptly after providing such notice, providing re-labeled copies of the Discovery Material reflecting the new designation to the Receiving Party.  Upon receipt of any such written redesignation, counsel shall: (i) not make any further disclosure or communication of such Redesignated Material except as provided for in this Protective Order; (ii) take reasonable steps to notify any persons known to have possession of any Redesignated Material of the treatment of such material required under this Protective Order pursuant to the redesignation; (iii) promptly endeavor to procure all copies of such Redesignated Material from any persons known to have possession of any such Redesignated Material who are not entitled to receipt of Confidential Information or Attorneys' Eyes Only Information; and (iv) replace the Redesignated Material with the re-labeled copies of the material and make reasonable efforts to destroy the copies of the Redesignated Material.  Redesignation shall be effective only as of the date of such redesignation.

**Confidential Student Records**

9.      Pursuant to 20 U.S.C. § 1232g(b)(2)(B) and 34 C.F.R. § 99.31(a)(9), in response to discovery requests or as otherwise necessary for use in this Proceeding, the University and its representatives are permitted to disclose education records ("Confidential Student Records") as defined in FERPA, as follows:

(a)      The University may produce a current or former student's Confidential Student Records with all of the student's personal identifying information redacted provided that the University has made a reasonable determination that the current or former student's identity is not personally identifiable, whether on the face of the redacted Confidential Student Records or in conjunction with other documents produced by the University, and taking into account other reasonably available information.

(b)      Notwithstanding anything set forth above, pursuant to 34 C.F.R. § 99.31(a)(9), this Order constitutes notice with respect to the Named Plaintiffs, and the University may disclose any of the Named Plaintiffs' Confidential Student Records in this Proceeding without giving the Named Plaintiffs further notice or redacting Named Plaintiffs' personally identifying information.[1]

**Persons Who May Receive Confidential or Attorneys' Eyes Only Information**

10.      Confidential Information shall be disclosed by the Receiving Party only to the following persons:

(a)      The attorneys, paralegals, and stenographic and clerical employees in the respective law firms or legal departments of the Receiving Party's inside or outside counsel; and the personnel supplied by any independent contractor

---

[1] Disclosure of Confidential Student Records in accordance with this Paragraph 9 shall satisfy 20 U.S.C. § 1232g(b)(2)(B).

(including litigation support service personnel) with whom such attorneys work in connection with the Proceeding;

(b) The parties and officers and employees of the Receiving Party as counsel for that party deems necessary for the sole purpose of assisting in this Proceeding;

(c) Any outside consultant or expert who is assisting counsel or a party to the Proceeding to whom it is necessary to disclose Confidential Information for the purpose of assisting in or consulting with respect to the preparation of this Proceeding, and the assistants, clerical employees, or staff of such consultant or expert;

(d) The Court and any members of its staff to whom it is necessary to disclose Confidential Information for the purpose of assisting the Court in this Proceeding;

(e) Stenographic employees and court reporters recording or transcribing testimony in the Proceeding;

(f) Witnesses and their counsel to whom disclosure is reasonably necessary during their testimony in this Proceeding; provided, however, that a person identified solely in this paragraph shall not be permitted to retain copies of such Confidential Information;

(g) Any mediator or arbitrator engaged by the parties to the Proceeding; and

(h) Any person who authored or previously received the Confidential Information through means other than the discovery process in this Proceeding.

11.     Attorneys' Eyes Only Information shall be disclosed by the Supplying Party only to the Receiving Party's counsel. The Receiving Party's counsel shall disclose Attorneys' Eyes Only Information only to the following persons:

(a) The attorneys, paralegals, and stenographic and clerical employees in the respective law firms or legal departments of the Receiving Party's inside or outside counsel; and the personnel supplied by any independent contractor (including litigation support service personnel) with whom such attorneys work in connection with the Proceeding;

(b) Any outside consultant or expert who is assisting counsel or a party to the Proceeding to whom it is necessary to disclose Attorneys' Eyes Only Information for the purpose of assisting in or consulting with respect to the preparation of this Proceeding, and the assistants, clerical employees, or staff of such consultant or expert;

(c)     The Court and any members of its staff to whom it is necessary to disclose Attorneys' Eyes Only Information for the purpose of assisting the Court with respect to the Proceeding;

(d)     Stenographic employees and court reporters recording or transcribing testimony relating to the Proceeding;

(e)     Witnesses, other than the parties, and their counsel to whom disclosure is reasonably necessary during their testimony in this Proceeding; provided, however, that a person identified solely in this paragraph shall not be permitted to retain copies of such Attorneys' Eyes Only Information;

(f)     Any mediator or arbitrator engaged by the parties to the Proceeding; and

(g)     Any person who authored or previously received the Attorneys' Eyes Only Information through means other than the discovery process in this Proceeding.

12.     Persons having knowledge of Confidential Information or Attorneys' Eyes Only Information only by virtue of their participation in the conduct of the Proceeding shall use that Confidential Information or Attorneys' Eyes Only Information only in connection with the Proceeding or appeal thereof, and shall neither use such Confidential Information or Attorneys' Eyes Only Information for any other purpose nor disclose such Confidential Information or Attorneys' Eyes Only Information to any person who is not listed in Paragraph 10 or 11, respectively, of this Protective Order.

13.     Counsel shall take all reasonable and necessary steps to ensure the security of any Confidential Information or Attorneys' Eyes Only Information and will limit access to that information to those persons listed in Paragraph 10 or 11, respectively, of this Protective Order.

14.     All persons to whom Confidential Information is to be disclosed pursuant to Subparagraphs 10(c) and (e) – (g), as well as the Named Plaintiffs, and all persons to whom Attorneys' Eyes Only Information is to be disclosed pursuant to Subparagraphs 11(b), (d) – (f), shall, prior to disclosure, be advised of the contents of this Stipulation and Protective Order and be required to execute a Non-Disclosure Agreement evidencing their agreement to the terms of the

Protective Order, in the form annexed hereto.  Counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel, upon request, either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

15.     If Confidential Information or Attorneys' Eyes Only Information is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the Supplying Party of all pertinent facts relating to such disclosure and make all reasonable efforts to recover all copies of the Designated Material and prevent further disclosure or dissemination by each unauthorized person who received such Confidential Information or Attorneys' Eyes Only Information.

16.     Nothing shall prevent disclosure beyond the terms of this Protective Order if the Supplying Party (or its counsel) designating the material as Confidential Information or Attorneys' Eyes Only Information consents in writing to such disclosure, or if the Court, after reasonable written notice to all affected parties, orders such disclosure.  Any party may request at any time permission to disclose Confidential Information or Attorneys' Eyes Only Information to a person other than those permitted under Paragraph 10 or 11, respectively, or to use such information in a manner prohibited by this Protective Order, by serving a written request upon the Supplying Party's counsel.  The Supplying Party shall respond within fourteen (14) calendar days of its receipt of such request.  Should the Supplying Party not grant such request, the parties shall follow the procedures set forth in Local Civil Rule 37.2, as modified by Section II.D. of the Individual Practices in Civil Cases of Robert W. Lehrburger, United States Magistrate Judge, to resolve any dispute.

17.     Nothing herein shall restrict a qualified recipient from making working copies, abstracts, digests, or analyses of Confidential Information or Attorneys' Eyes Only Information for use in connection with this action, and such working copies, abstracts, digests, and analyses of Confidential Information or Attorneys' Eyes Only Information shall be deemed to have the same level of protection as such Confidential Information or Attorneys' Eyes Only Information has under this Protective Order.

18.     In the event any person having possession, custody, or control of any Designated Material produced in this action receives a subpoena or other process or order to produce such Designated Material, such subpoenaed person or entity shall promptly notify the attorneys of record of the Supplying Party and furnish those attorneys with a copy of said subpoena or other process or order. The person or party receiving the subpoena or other process or order shall not produce the requested Designated Material unless and until a court of competent jurisdiction so directs, except if the Supplying Party (a) consents, or (b) fails to file a motion to quash or fails to notify the person or party in writing of its intention to contest the production of the Designated Material prior to the date designated for production of the subpoenaed information, in which event the person or party may produce on the designated production date, but no earlier.  The person or party receiving the subpoena or other process or order shall be entitled to comply with it except to the extent the party asserting the confidential treatment is successful in obtaining an order modifying or quashing it.  Nothing in this Order shall be construed to require the party to whom the subpoena or other process or order is directed to give written notice where prohibited by law.

**Objecting to Designation of Material**

19.     Any person who objects to any designation of Confidential Information or Attorneys' Eyes Only Information or lack thereof may at any time prior to trial serve upon the

Supplying Party and all other parties a written notice stating the grounds of the objection. The Supplying Party and objecting person shall meet and confer within seven (7) calendar days of such notice.  In the absence of an agreement otherwise, the Designated Material will lose its designation or the material will remain undesignated fourteen (14) calendar days after the written notice of objection, unless any party seeks affirmative relief from the Court, in which case the information will be considered designated until the Court resolves the dispute.  The party seeking the designation shall bear the burden of demonstrating the propriety of the designation.

**Inadvertent Disclosure of Protected Information**

20.     Pursuant to Rule 502 of the Federal Rules of Evidence, if, in connection with this action, and despite having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege, attorney work product protection, common-interest privilege, or any other privilege or immunity, a Supplying Party inadvertently discloses information subject to such a claim of privilege, protection, or immunity ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege, protection, or other immunity with respect to the Inadvertently Disclosed Information and its subject matter.

21.     If a Supplying Party makes a claim of inadvertent disclosure, all Receiving Parties shall, within seven (7) calendar days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

22.     Within seven (7) calendar days of the certification that such Inadvertently Disclosed Information has been returned or destroyed, the Supplying Party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

23.     If a Receiving Party thereafter moves the Court for an order compelling production of the Inadvertently Disclosed Information, that motion shall be filed under seal in accordance with the Appendix of the Individual Practices in Civil Cases of Robert W. Lehrburger, and shall not assert as a ground for entering such an order the mere fact of the inadvertent production.  The Supplying Party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request in camera review of the Inadvertently Disclosed Information.

**Filing Confidential Information or Attorneys' Eyes Only Information**

24.     If a party seeks to file Confidential Information or Attorneys' Eyes Only Information with the Court, or any pleadings, motions or other papers that reveal any information that has been designated as Confidential Information or Attorneys' Eyes Only Information by any party or non-party, the party shall follow the procedures outlined in the Appendix of the Individual Practices in Civil Cases of Robert W. Lehrburger, United States Magistrate Judge.

**Rights to Assert Other Objections**

25.     This Order shall not prejudice the rights of any party or non-party to this action to: (a) oppose production of any information on the ground of the attorney-client privilege, the attorney work product doctrine, non-responsiveness, or any privilege or immunity recognized by this Court or the courts of the State of New York, nor shall it be deemed a waiver of any objection to such production; (b) object to the production of documents or information it considers to be outside the scope of discovery; or (c) object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Order.

**Severability and Retention of Jurisdiction**

26.     Upon the conclusion of the Proceeding, including any appeals related thereto, at the written request and option of the Supplying Party, all Designated Material and any and all copies shall be returned or destroyed within sixty (60) calendar days of receipt of the request from the Supplying Party; provided, however, that attorney work product, briefs, and other court papers prepared for use in this Proceeding need not be returned or destroyed, but may be retained only by the parties' counsel and, if so retained, shall continue to be maintained as Confidential or Attorneys' Eyes Only in accordance with the provisions of this Order.

27.     The invalidity or unenforceability of any provision of this Order shall not affect the validity or enforceability of any other provision of this Order, which shall remain in full force and effect.

28.     The terms of this Protective Order may be amended or modified by written agreement of the parties or upon motion and order of the Court.  This Court shall retain jurisdiction over all persons subject to this Order for so long as such persons are in possession, custody, or control of Designated Material and to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated: New York, New York
       July 28, 2022


By:   ___/s/___ Martin E. Karlinsky___          By:   ___/s/___ Gabrielle E. Tenzer___

      Martin E. Karlinsky                              Roberta A. Kaplan
      Bonnie H. Walker                                 Gabrielle E. Tenzer
      KARLINSKY LLC                                    Kyla P.S. Magun
      103 Mountain Road                                KAPLAN HECKER & FINK LLP
      Cornwall-on-Hudson, NY 12520                     350 Fifth Avenue, 63rd Floor
      Office: 646.437.1430                             New York, NY 10118
      Mobile: 917.623.9102                             (212) 763-0883
      martin.karlinsky@karlinskyllc.com                rkaplan@kaplanhecker.com
      bonnie.walker@karlinskllc.com                    gtenzer@kaplanhecker.com
                                                       kmagun@kaplanhecker.com

      *Attorneys for Plaintiffs*
                                                       *Attorneys for Defendant The*
                                                       *Trustees of Columbia University in*
                                                       *the City of New York*


SO ORDERED:

_____  7/29/2022

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

13

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ERIC S. BRITTAIN, KAELA MEI-CHEE
CHAMBERS, JULIAN CALLAGHAN, JOANNA
CHRISTINA CORTEZ, ANTHONY SERTEL
DEAN, ANTONIO RATTES DE FARIAS,
CAITLIN FERRELL, KATHRYN MILLER,
GRACE A. PHILIPS, BRADLEY M. PITTS, AVA
RAVICH, ANA I. DOW SILVA, JACLYN E.
TODD, DONOVAN TOLLEDO, and RICARDO J.
VARONA, on behalf of themselves and all others
similarly situated,

No. 1:20-cv-09194 (PKC)

*Plaintiffs*,

v.

THE TRUSTEES OF COLUMBIA UNIVERSITY
IN THE CITY OF NEW YORK,

*Defendant*.

---

## Non-Disclosure Agreement

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of Confidential Information and Attorneys' Eyes Only Information.  I agree that (1) I will hold in confidence all Confidential Information and Attorneys' Eyes Only Information to the extent required by the Protective Order and agree to be bound by the terms of that Order; (2) I will use such Confidential Information and Attorneys' Eyes Only Information only for purposes of this litigation and for no other purpose whatsoever; and (3) I will take all due precautions to prevent the unauthorized or inadvertent disclosure of such Confidential Information and Attorneys' Eyes Only Information.

By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder, and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of court.

Dated:

_____

[Signature]